JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re HASMIK YAGHOBYAN,<br>Debtor, | No. CV 26-3606 PA<br><br>OPINION ON APPEAL FROM BANKRUPTCY COURT<br><br>Bankruptcy Case No. 2:24-bk-17511 DS<br>Adversary Case No. 2:25-ap-1075 DS |
| HASMIK YAGHOBIAN,<br>Plaintiff-Appellant,<br>v.<br>NATIONSTAR AKA MR. COOPER and DEUTSCHE BANK TRUST COMPANY AMERICAS AS TRUSTEE FOR RESIDENTIAL ACCREDIT LOANS, INC.; PASS THROUGH CERTIFICATE 2006- Q07,<br>Defendants-Appellees. | |

Debtor, plaintiff, and appellant Hasmik Yaghobyan ("Debtor"), who is appearing pro se, appeals from the Bankruptcy Court's March 25, 2026 Order granting the Motion to Dismiss First Amended Complaint filed by defendants and appellees Nationstar Mortgage, LLC ("Nationstar") and Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2006-QO7 (collectively "Defendants"). Defendants had filed the Motion to Dismiss to challenge the sufficiency of the First Amended Complaint ("1st AC") that Debtor filed in an adversary proceeding. Debtor also challenges the Bankruptcy Court's denial of her Motions for

Preliminary Injunction and a Motion to Compel seeking production of documents, which the Bankruptcy Court denied as moot after dismissing the 1st AC without leave to amend.

## I. Factual and Procedural Background

According to the 1st AC, the dispute between Debtor and Defendants arises out of a property located in Glendale, California, that is encumbered by a deed of trust executed by Debtor in 2006 to secure a $1,000,000 loan. Servicing of the Loan transferred to Nationstar in 2012. Nationstar offered Debtor a loan modification in 2013, which Debtor accepted. Debtor promptly defaulted on the modified loan payments, and in 2014, Debtor filed for Chapter 11 bankruptcy. Debtor's difficulty making loan payments continued, and in 2016, Nationstar was granted relief from stay by the bankruptcy court in order to pursue foreclosure. Debtor again applied for a loan modification in 2018 and was approved for a modification following a three-month trial payment plan. The modified payments were $7,767 monthly.

Debtor later received a COVID-related forbearance from foreclosure for 18 months. In 2023, at the end of the COVID forbearance period, Nationstar again initiated foreclosure proceedings. Debtor again applied for a loan modification in an attempt to avoid foreclosure; however, her applications were denied because, due to the size of the delinquency on the loan, Nationstar was not able to offer a modification that would result in a reduction of the monthly payments. Debtor then applied for a short sale, which was approved by Nationstar, but no short sale occurred. Defendants' Claim No. 5 shows a monthly amount due of $7,835.

Debtor filed her original Complaint in the adversary proceeding on April 15, 2025. Defendants filed a Motion to Dismiss, which the Bankruptcy Court granted with leave to amend. Debtor's 1st AC, which was drafted by counsel before Debtor substituted to appear pro se in the adversary proceeding, alleged claims for: (1) objection to Claim No. 5 and determining monthly payments; (2) breach of contract; (3) fraud and intentional misrepresentation; (4) breach of the implied covenant of good faith and fair dealing; (5)

negligent infliction of emotional distress; (6) intentional infliction of emotional distress; (7) unfair competition; (8) predatory lending; and (9) recoupment.

## II. Legal Standard

Under 28 U.S.C. § 158, a district court "act[s] as an appellate court in reviewing the bankruptcy judge's decision." In re Daniels-Head & Assocs., 819 F.2d 914 (9th Cir. 1987). A decision dismissing a claim for failure to state a claim is reviewed de novo. See Davidson v. Kimberly-Clark Corp., 889 F.3d 956, 963 (9th Cir. 2018). The denial of leave to amend is reviewed for abuse of discretion. See id.

Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6), 8(e). The purpose of Rule 8(a)(2) is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Twombly rejected the notion that a wholly conclusory statement of a claim survives whenever the pleadings leave open the possibility that a plaintiff might later establish undisclosed facts supporting recovery. Id. at 561. The complaint must instead raise a reasonable expectation that discovery will reveal evidence of the alleged infraction, and its factual allegations must raise the right to relief above the speculative level. Id. at 555–56. All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002). Legal conclusions may provide the framework of a complaint, but they must be supported by factual allegations; when well-pleaded factual allegations exist, the court assumes their veracity and determines whether they plausibly give rise to an entitlement to relief. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

. . . .

. . . .

## III. Analysis

In granting the Motion to Dismiss the 1st AC's first claim concerning Debtor's objection to Defendants' claim in the underlying bankruptcy, the Bankruptcy Court stated that the complaint alleged inaccuracies and discrepancies in the claim and the monthly payment amount, but that a debtor's assertion of inconsistency calling into question the accuracy of a claim was insufficient because "a party objecting to a claim must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." (March 17, 2026 Tr. 16:9–21.)

The Bankruptcy Court further reasoned that the 1st AC depended on an argument that the claim amount must be wrong because it reflected a monthly payment higher than the payment under the original loan documents, but did not explain why a loan that had been in default for years and modified at least twice would be expected to have the same monthly payment as of the petition date. The Bankruptcy Court concluded that there was no theory or evidence supporting the allegations of misrepresentation or fraud and that the claim objection therefore could not survive dismissal. (Id. at 17:3–20.)

Although the allegations specifically supporting Debtor's objection to Claim No. 5 largely appear, as the Bankruptcy Court observed, to rest on the theory that Debtor's monthly mortgage payment should not have increased after the 2016 loan modification, the 1st AC also identifies an alleged inconsistency within Claim No. 5 itself. Specifically, the 1st AC alleges that Claim No. 5 "stated that the monthly payments are $7,538, however, the schedules attached to the claim show monthly payments of $7,835." (1st AC ¶ 68 (citations omitted).) The 1st AC further questions why Claim No. 5 "retroactively inflates Plaintiff's monthly payments to $7,835 for the period 2013–2016." (Id. ¶ 77.)

The Court, reviewing the 1st AC de novo, concludes that Debtor has identified a specific alleged inconsistency within Claim No. 5 concerning the amount of the monthly payment and has alleged that Defendants applied the higher figure retroactively. Those allegations state a sufficiently specific objection to the amount of Claim No. 5 to survive a motion to dismiss. See In re Bauer, 660 B.R. 649, 658 (N.D. Ohio 2024) (recognizing that

an objection to claim may challenge, among other things, the amount due as of the petition date).

This conclusion does not determine that Debtor has rebutted Claim No. 5 or satisfied her ultimate burden of production. A proof of claim executed and filed in accordance with the Bankruptcy Rules constitutes prima facie evidence of the validity and amount of the claim. Fed. R. Bankr. P. 3001(f). To overcome that evidentiary effect, the objector ultimately must produce evidence of sufficient probative force to negate one or more facts supporting the claim. If the objector does so, the burden of production shifts to the claimant, while the ultimate burden of persuasion remains with the claimant. Lundell v. Anchor Construction Specialists, Inc., 223 F.3d 1035, 1039–40 (9th Cir. 2000).

That evidentiary framework governs adjudication of the claim objection; it does not require a complaint itself to contain evidence sufficient to rebut the Rule 3001(f) presumption. Lundell addressed the parties' evidentiary burdens in resolving an objection to a proof of claim. It did not hold that a court deciding a motion under Federal Rule of Civil Procedure 12(b)(6) may require the pleader to produce evidence sufficient to satisfy the objector's later burden of production. The Bankruptcy Court therefore prematurely imported the evidentiary burden applicable to adjudication of the claim objection into its determination of whether the 1st AC adequately stated the objection.

The Court concludes only that dismissal at the pleading stage was premature. Accepting the well-pleaded allegations as true, the asserted discrepancy between the $7,538 monthly-payment figure and the $7,835 figure reflected in the schedules, together with the allegation that Defendants retroactively used the higher amount for 2013 through 2016, gives Defendants fair notice of the basis for the objection and plausibly challenges the amount of Claim No. 5. Defendants may have an explanation and evidence supporting the $7,835 monthly amount and the total claim of $2,138,279, but that explanation is not contained in the 1st AC and cannot be accepted as true against Debtor on a motion to dismiss.

. . . .

On remand, the Bankruptcy Court may determine whether Claim No. 5 is entitled to prima facie effect under Rule 3001(f), whether Debtor can produce evidence sufficient to rebut that effect, and whether Defendants have established the amount of their claim under the burden-shifting framework described in Lundell. The Court expresses no opinion on those questions.

The Court therefore reverses the Bankruptcy Court's order granting the Motion to Dismiss to the extent it dismissed the 1st AC's first claim for relief. The Bankruptcy Court also dismissed the 1st AC's remaining claims, but Debtor's appellate briefing contains no argument challenging the dismissal of the 1st AC's second through ninth claims. The Court therefore concludes that Debtor has abandoned any challenge to the Bankruptcy Court's dismissal of those claims. See, e.g., Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[A]rguments not raised by a party in its opening brief are deemed waived."). The Court therefore affirms the Bankruptcy Court's dismissal of the 1st AC's second through ninth claims without leave to amend.

Debtor also challenges the Bankruptcy Court's denial of her preliminary injunction and discovery motions, which the Bankruptcy Court denied as moot after dismissing the 1st AC without leave to amend. In light of this Court's reversal of the dismissal of the 1st AC's first claim, the Court vacates the Bankruptcy Court's denial of the preliminary injunction and discovery motions. In vacating the Bankruptcy Court's denial of those motions, this Court expresses no opinion concerning the viability of those motions on the merits, and in no way limits the Bankruptcy Court's ability to resolve those issues should Debtor raise them again.

**Conclusion**

For all of the foregoing reasons, this Court reverses the Bankruptcy Court's dismissal of the 1st AC's first claim and vacates the Bankruptcy Court's denial of Debtor's motions

. . . .

. . . .

. . . .

seeking discovery and preliminary injunctive relief. This Court affirms the Bankruptcy Courts dismissal of the 1st AC's second through ninth claims without leave to amend.

IT IS SO ORDERED.

DATED: September 23, 2026

Percy Anderson
UNITED STATES DISTRICT JUDGE